## HARVEY *vs.* THE STATE OF GEORGIA.

1. That the defendant in a criminal case is excitable, whether from her state of health or otherwise, is not sufficient to require a continuance.

2. Where an indictment for arson charged that the house burned was the property of and in the possession of a certain person, and the proof showed the actual possession was held by the tenant of that person, there was no material variance.

Continuance. New Trial. Criminal Law. Verdict. Before Judge CRISP. Sumter Superior Court. October Adjourned Term, 1880.

Reported in the decision.

N. A. SMITH, for plaintiff in error.

C. B. HUDSON, solicitor general, by W. A. HAWKINS; GUERRY & SON, for the state.

CRAWFORD, Justice.

The plaintiff in error was indicted for the crime of arson, and found guilty by the jury. Two motions were made—one in arrest of judgment, the other for a new trial; both were overruled, and error was assigned thereon. The only grounds in either of the above motions which were insisted on before us, were the refusal of the court to grant the defendant a continuance on the showing made; and that the evidence did not show that the crib burned was the property of R. J. Mize, as charged in the bill of indictment, and that the same was in her possession, but showed it to be in the possession of J. W. Mize.

1. The showing for the continuance was made by the counsel; and was, that the defendant was seven or eight months advanced in pregnancy, and that she was very excitable; for these reasons he did not think he could safely go to trial.

Because the defendant in a criminal case is very excitable for any reason, will not authorize a continuance. It being no legal excuse, the judge committed no error in refusing it.

2. The second ground of error alleged is, that the indictment charges that the crib burned was the property of Mrs. R. J. Mize and in her possession, when the evidence showed that it was in the possession of J. W. Mize.

The testimony of J. W. Mize was that "it was a corn crib on the place I live on, on Mrs. R. J. Mize's place in this county, Sumter county; Mrs. R. J. Mize is my mother."

We see no contradiction here between the evidence and the allegation in the indictment; the witness testifies that it was Mrs. Mize's place; that she was his mother, and that he lived on the place. The meaning of all which is that he is the tenant of his mother, and that *his* possession is simply *hers*.

Although J. W. Mize may have been in the actual occupation of the land, yet if he were in under Mrs. R. J. Mize, in legal contemplation she was in possession, and there was no error in overruling this ground in the motion for a new trial.

Judgment affirmed.